**James C. Mahan**
**U.S. District Judge**

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>STUART BARLOW JOHNSON,<br><br>Defendant(s). | 2:13-CR-151 JCM (VCF) |

**ORDER**

Presently before the court is the matter of *The United States of America v. Stuart Barlow Johnson*, case no. 2:13-cr-151-JCM-VCF.  Defendant Stuart Johnson has been charged in the indictment with one count of deprivation of rights under the color of law, a violation of 18 U.S.C. § 242, and one count of falsification of a document, a violation of 18 U.S.C. § 1519.  This order addresses the following seven motions *in limine* filed by the government:

- Motion to exclude evidence of the defendant's good conduct.  (Doc. # 18).
- Motion to exclude any reference to administrative discipline.  (Doc. # 19).
- Motion to limit the introduction of evidence of the victim's character.  (Doc. # 20).
- Motion to exclude reference to potential punishment.  (Doc. # 21).
- Motion to exclude reference to civil suit.  (Doc. # 22).
- Motion to prohibit reference to government's failure to call an equally available witness.  (Doc. # 23).

 • Motion to exclude expert witness. (Doc. # 33).

**I.   Legal Standard**

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1980). Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates,* 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion.").

"[*I*]*n limine* rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States,* 529 U.S. 753, 758 n.3 (2000); *accord Luce,* 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004).

**II.   Discussion**

The court will address only those facts pertinent to the resolution of the instant motions.

**A.   Motion to exclude evidence of defendant's good conduct. (Doc. # 18).**

The government seeks to exclude "evidence of, or reference to, the defendant's specific instances of good conduct, including but not limited to, evidence of awards, commendations, or recognition he has received during his career in law enforcement." (Doc. # 18).

The Federal Rules of Evidence prohibit the introduction of character evidence to demonstrate that, on a particular occasion, a person acted in accordance with that character or trait. Fed. R. Evid. 404(1). However, the rule provides for certain exceptions for a defendant or victim in a criminal case. *See* Fed. R. Evid. 404(2). If an exception is applicable, the form that evidence may take is governed by Rule 405. Admissible character evidence may be offered through testimony about the

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  person's reputation, or by testimony in the form of an opinion. Fed. R. Evid. 405(a). When a
2  person's character or character trait is an essential element of a charge, claim, or defense, specific
3  instances of conduct may be used. Fed. R. Evid. 405(b).

4  Neither party has identified any specific awards, commendations, or recognitions the
5  defendant may have received. There is also no indication how, when, or why they may be introduced
6  at trial, if at all. Instead, as pointed out by the defendant, the government's motion seems to simply
7  request that the introduction of any evidence related to the defendant's character comply with the
8  federal rules.

9  The court finds that, without the context of trial, a determination as to whether any and all
10 evidence of awards, commendations, or recognitions are admissible cannot be made at this time. If
11 such evidence is proffered at trial, the government remains free to object and the court will make a
12 ruling at that time. The motion is denied.

13 **B.    Motion to exclude references to administrative discipline or arbitrator's**
14 **       decision. (Doc. # 19).**

15 The government seeks to prevent the defendant from "referring to, or presenting evidence
16 regarding, any administrative discipline or arbitrator's decision related to defendant Johnson's use
17 of force against former inmate D.H. at the North Las Vegas Detention Center (NLVDC) in North
18 Las Vegas, Nevada, on November 29, 2009." (Doc. # 19).

19 The defendant's employment was terminated following an internal investigation into the
20 incident. The defendant appealed his termination to a civil arbitrator. The arbitrator concluded that
21 the defendant had not used excessive force and had not been untruthful, and ordered the defendant
22 reinstated with full back pay.

23 The government asserts that evidence related to the administrative discipline and/or the
24 arbitrator's decision is inadmissible as it is irrelevant, presents a risk of unfair prejudice, may
25 mislead the jury, and may confuse the issues. The defendant responds that the evidence is highly
26 relevant, is information the jury should consider, and is highly probative.

27
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

The court agrees that the introduction of the NLVDC's decision to terminate plaintiff and the arbitrator's decision to reinstate him is substantially outweighed by the risk of unfair prejudice, confusion of the issues, and the potential to mislead the jury. *See* Fed. R. Evid. 403. The court agrees that the evidentiary matters before the arbitrator can be presented in some form or fashion to the jury at trial. The introduction of the arbitrator's ultimate conclusion as to the weight of the evidence and the reliability of the witness' testimony at the arbitration would only serve to confuse, mislead, or prejudice the jury by suggesting it should arrive at the same conclusion the arbitrator did. The arbitrator's conclusions do not provide anything unique or helpful for the jury's consideration. In fact, the jury may find it difficult to independently evaluate the evidence after being informed that the arbitrator has already examined the evidence and concluded the defendant did not commit the acts charged. *See, e.g.*, *Gilchrist v. Jim Siemons Imports, Inc.*, 803 F.2d 1488, 1500 (9th Cir. 1986). For the same reason, evidence of the internal investigation and subsequent administrative decisions will be excluded. The motion is granted.

  **C.**  **Motion to limit introduction of evidence of victim's character. (Doc. # 20).**

The government seeks to limit the introduction of evidence of the victim's character and prior crimes. The government asserts that here, where the defendant is accused with assaulting the victim while acting under color of law and with falsifying a document, any character evidence regarding the victim would not relate to a "pertinent trait of character" and is therefore inadmissible. *See* Fed. R. Evid. 404(a)(2). The defendant responds that evidence of the victim's prior crimes and convictions is relevant, and would be offered only for the permissible use of illustrating the defendant's state of mind. That is, the defendant's awareness of the victim's prior incidences of violence, and the affect that knowledge had on his actions.

The defendant cites to the Ninth Circuit's holdings in *United States v. James*, 169 F.3d 1210 (9th Cir. 1999), and *United States v. Saenz*, 179 F.3d 686 (9th Cir. 1999) as support. In *James*, the court held that extrinsic evidence concerning the victim's past violent acts is admissible under Rule 404(b) to show the defendant's state of mind. *James*, 169 F.3d at 1214-15. In *Saenz*, the court held that "a defendant claiming self defense may show his own state of mind by testifying that he knew

1 of the victim's prior acts of violence." *Id.* at 689.  Thus, D.H.'s prior acts of violence known to the
2 defendant at the time of the incident may be admissible to demonstrate the defendant's state of mind.

3 However, that evidence may still be excluded if its probative value is substantially
4 outweighed by its potential to prejudice, mislead, or confuse the jury. Fed. R. Evid. 403. Neither
5 party has specified what the victim's prior acts of violence or convictions are, or which incident(s)
6 the defendant was aware of at the time. Without more, the court cannot make a Rule 403
7 determination at this time.

8 In addition to its Rule 403 objection, the government asserts that *James* and *Saenz* do not
9 apply because this defendant cannot assert a claim of self defense. It appears one of the issues in
10 disagreement is the sequence of events immediately precipitating the incident; i.e., who moved first,
11 why, in what manner, whether hostile words were exchanged, etc. Without having seen the footage
12 of the incident, without knowing what the victim's prior acts of violence consist of, which
13 incident(s) the defendant was aware of at the time, whether the victim threatened the officer, and
14 other details, the court cannot make a determination as to whether self-defense is a legitimate defense
15 at this time.

16 As the government acknowledges, the admissibility of the evidence will depend upon the
17 proof adduced at trial. Accordingly, without the context of trial, the court is unable to make a
18 determination as to the admissibility of the victim's incidences of violence or prior crimes at this
19 time. The motion is denied.

20 **D.    Motion to exclude reference to potential punishment.  (Doc. # 21).**

21 The government seeks to exclude all direct or indirect references to, or evidence of, the
22 sentence that may be imposed if the defendant is convicted of the charges against him. The
23 defendant responds that he is aware of the longstanding rule prohibiting reference to potential
24 sentences at trial, and has no intention of making any such reference. The motion is granted.

25 . . .
26 . . .
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 5 -

1    **E.     Motion to exclude reference to civil suit. (Doc. # 22).**

2    Following the incident at issue, the victim filed a civil suit against the city. That lawsuit
3    was settled outside of court for a sum of $50,000. The government moves to limit evidence of, or
4    reference to, the civil lawsuit during *voir dire* and at trial.[1]

5    The defendant has filed a response indicating he has no intention of making any reference
6    to the civil lawsuit "unless something unexpected arises during the course of trial at which point the
7    defense believes that this information is relevant." There are conceivable scenarios where this
8    information could be relevant and would be admissible, at least in part.

9    As it stands now, neither party intends to make reference to the civil lawsuit. The court finds
10   that, without the context of trial, it cannot make a determination as to whether *any* reference to the
11   civil suit can be made, and a blanket ruling is improper. The court will address the admissibility of
12   evidence relating to the civil suit if and when it arises during trial. The motion is denied.

13   **F.     Motion to prohibit reference to government's failure to call an equally available**
14   **witness. (Doc. # 23).**

15   The government moves for an order prohibiting the defendant from making reference to, or
16   arguments about, the government's failure to call a witness that is equally available to both parties.
17   This is another perplexing and vague motion that appears to be nothing more than a request that the
18   court enforce the federal rules. The motion does not include any reference to which witness(es) the
19   government is referring to, or why it may fail to call them. The issue, if it arises at all, will be
20   addressed at trial. The motion is denied.

21   **G.     Motion to exclude expert witness. (Doc. # 33).**

22   The government moves to exclude the defendant's proposed expert witness, Ron Martinelli
23   or, in the alternative, requests a *Daubert* hearing on the scientific validity of his conclusions. The

---

[1] The parties are advised that the court conducts *voir dire*.

**James C. Mahan**
**U.S. District Judge**                                            - 6 -

record is unclear as to whether the government request the expert's report in accordance with Fed. R. Crim. P. 16(b)(1)©.

An expert witness may testify at trial if the expert's "specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702. A witness must be "qualified as an expert by knowledge, skill, experience, training, or education" and may testify "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *Id.*; *see also Kumho Tire v. Carmichael*, 526 U.S. 137, 141, 148–49 (1999). Expert testimony is liberally admitted under the Federal Rules. *See Daubert*, 509 U.S. 579, 588 (1993) (noting that Rule 702 is part of the "liberal thrust of the Federal Rules and their general approach of relaxing the traditional barriers to opinion testimony"); *see also* FED. R. EVID. 702 advisory committee notes to 2000 amendments ("[R]ejection of expert testimony is the exception rather than the rule.").

The "trial judge must ensure that any and all [expert] testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589. "Concerning the reliability of non-scientific testimony . . ., the *Daubert* factors (peer review, publication, potential error rate, etc.) simply are not applicable to this kind of testimony, whose reliability depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (citations omitted).

In such cases, the trial court's gatekeeping role under *Daubert* involves probing the expert's knowledge and experience. *See id.* at 1018. "It is the proponent of the expert who has the burden of proving admissibility." *Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir.1996). Admissibility of the expert's proposed testimony must be established by a preponderance of the evidence. *See Daubert*, 509 U.S. at 592 n. 10 (citation omitted).

As an initial matter, the court notes that neither the government nor the court has been provided with the expert's report. It appears, however, that the expert will testify at trial in a manner

1 consistent with his testimony at the arbitration. The court has reviewed the government's motion
2 to exclude, the defendant's opposition, and the transcript of the expert's testimony at the arbitration.

3 According to the defendant, Dr. Martinelli will testify as to (1) whether the force used by the
4 defendant was reasonable; and (2) how the mind works during and after stressful situations, and how
5 gaps in remembering exact details can occur based on the stressfulness of the situation.

6 In his testimony at the arbitration, Dr. Martinelli essentially walked through the video of the
7 incident describing his perception of what happened. Nothing in his testimony indicated he
8 possessed any specialized knowledge that would be necessary or even helpful to the jury. The jury
9 may view the video evidence and conduct its own evaluation of the sequence of events, including
10 whether or not the defendant's conduct was objectively reasonable.

11 Likewise, the court agrees that Dr. Martinelli's opinions about the defendant's memory
12 would not be helpful to the jurors' understanding of the facts at issue. Testimony that individuals
13 may misremember things that occur in a stressful situation is within the realm of a juror's common
14 sense knowledge. His testimony would not be helpful to the jurors' understanding of the facts at
15 issue–that is, whether the defendant mis-remembered the events or outright lied. This is nothing
16 more than a credibility determination within the exclusive province of the jury.

17 The court finds that the proposed expert would not aid the jury. The government's motion
18 to exclude is granted.

19 Accordingly,

20 IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the government's motion
21 to exclude evidence of the defendant's good conduct (doc. # 18) be, and the same hereby is,
22 DENIED.

23 IT IS FURTHER ORDERED that the government's motion to exclude reference to
24 administrative discipline and arbitrator's decision (doc. # 19) be, and the same hereby is,
25 GRANTED.

26 IT IS FURTHER ORDERED that the government's motion to limit introduction of evidence
27 of the victim's character (doc. # 20) be, and the same hereby is, DENIED.

28

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that the government's motion to exclude reference to potential punishment (doc. # 21) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the government's motion to exclude reference to civil suit (doc. # 22) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the government's motion to prohibit reference to the government's failure to call an equally available witness (doc. # 23) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the government's motion to exclude expert witness (doc. # 33) be, and the same hereby is, GRANTED.

DATED December 13, 2013.

*James C. Mahan*

**UNITED STATES DISTRICT JUDGE**